STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

*In Re*: **H.M., P.G., T.G., & H.M.**

**No. 12-0863** (Mercer County 11-JA-180, 181, 182 & 183)

**FILED**

**January 14, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**MEMORANDUM DECISION**

Petitioner Mother's appeal, by counsel Thomas Evans III, arises from the Circuit Court of Mercer County, wherein her parental, custodial, and guardianship rights to the children, H.M.-1, P.G., T.G., and H.M.-2[1], were terminated by order entered on June 12, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William L. Bands, has filed its response. The guardian ad litem, John Williams Jr., has filed a response on behalf of the children. Respondent Foster Parents B.M. and K.M. have also filed a response, by counsel Derrick Lefler. Respondent Foster Father M.O. has filed a response, by counsel Paul Cassell. Respondents M.O., B.M., and K.M. have also filed a supplemental appendix.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

On September 12, 2011, the DHHR filed its initial abuse and neglect petition in which it alleged that petitioner was abusing drugs, engaging in prostitution, and leaving the children alone or with unknown individuals. Petitioner thereafter stipulated to neglect on December 2, 2011, and was granted a post-adjudicatory improvement period. On December 14, 2011, Respondents B.M. and K.M. filed a motion to intervene in which they alleged that H.M.-2 had resided with them continuously since March 24, 2011. By order entered on May 19, 2011, Respondents B.M. and K.M. were designated as H.M.-2's guardians by the Jackson County Family Court. Ultimately, at the June 8, 2012, dispositional hearing, petitioner's parental, custodial, and guardianship rights were terminated.

On appeal, petitioner alleges that the circuit court erred in terminating her parental rights without providing notice of the dispositional hearing, and also that the circuit court erred in finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future. In support, she argues that the circuit court noticed the June 8, 2012, hearing as being on Respondents B.M. and K.M.'s motion to terminate the parents'

---

[1] Because two children share the same initials, they will be referred to throughout as H.M.-1 and H.M.-2.

1

improvement periods, not as a dispositional hearing. Petitioner also argues that the DHHR had already informed the circuit court that it did not wish to pursue termination. Further, petitioner argues that the circuit court erred in its findings because it was presented with evidence that she had substantially complied with the terms of her improvement period by entering drug rehabilitation treatment and attending visitation and parenting sessions.

The DHHR and the guardian ad litem respond in support of the circuit court's decision and argue that petitioner was provided proper notice of the dispositional hearing. Further, they argue that the circuit court was provided with ample evidence upon which to base termination, including petitioner's failure to comply with a reasonable family case plan and other rehabilitative efforts, the lack of a suitable home for the children, and ongoing substance abuse. Respondents B.M. and K.M. also respond in support of the circuit court's decision and argue that petitioner did not object to proceeding with disposition during that hearing. Respondents further argue that the circuit court's findings were supported by petitioner's substance abuse and failure to comply with the terms of her improvement period. Lastly, Respondent M.O. responds in support of the circuit court's termination and argues that petitioner had adequate notice of the dispositional hearing. Further, Respondent M.O. argues that the circuit court was correct to terminate petitioner's parental rights because she failed to make progress during her improvement period.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights. To begin, it is undisputed that petitioner had notice of the dispositional hearing in this matter. While it is true that at the May 18, 2012, hearing the DHHR indicated that it would not immediately pursue its previously filed motion to terminate petitioner's parental rights, the record shows that Respondents B.M., K.M., and M.O. moved to terminate petitioner's improvement period during that hearing, and also objected to the DHHR's failure to pursue termination of parental rights. As such, the circuit court expressly indicated that the dispositional hearing needed to be rescheduled for June 8, 2012, so that these matters could be addressed. Therefore, the Court finds that petitioner was provided notice that the dispositional hearing was

continued for June 8, 2012, as she and her counsel were both present at the May 18, 2012, hearing.

As to her second assignment of error, the Court finds that the circuit court was presented with sufficient evidence upon which to base its findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental, custodial, and guardianship rights is hereby affirmed.

Affirmed.

**ISSUED**: January 14, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II